| | |
|---|---|
| JOHN G. RAINES and TIMOTHY MCGOUGH, | Civil No. 18-3012 (JRT/SER) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| JOHN FLASCHER and ROBINS KAPLAN, LLP, | |
| Defendants. | |

Amanda R. Cefalu and Andrew R. Shedlock, **KUTAK ROCK, LLP**, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, for plaintiffs.

Brandon Thompson, **CIRESI CONLIN, LLP**, 225 South Sixth Street, Suite 4600, Minneapolis, MN 55402, and Richard B. Allyn and Scott A. Jurchisin, **ROBINS KAPLAN, LLP**, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for defendants.

John G. Raines and Timothy McGough ("Plaintiffs") bring this action against John Flascher and Robins Kaplan, LLP ("Defendants") seeking a constructive trust, equitable and declaratory relief, and injunction to enforce their alleged right to reimbursement. Defendants move to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants claim that Plaintiffs fail to sufficiently plead how or why their right to reimbursement applies. Because Plaintiffs' Complaint lacks sufficient non-conclusory facts, the Court will grant the motion to dismiss and dismiss the Complaint without prejudice.

23

**BACKGROUND**

Plaintiffs are trustees of the Carpenters and Joiners Welfare Fund (the "Fund"). (Am. Compl. ¶ 1, Nov. 15, 2018, Docket No. 8.) The Fund is a "fringe benefit plan" created under the Labor Management Relations Act and administered in accordance with the Employee Retirement Income Security Act of 1974. (*Id.* ¶ 3.) As a fringe benefit plan, the Fund provides health and welfare benefits to plan participants and their dependents. (*Id.* ¶ 10.)

The Summary Plan Description and Plan Document ("SPD") governs the Fund benefits. (*Id.* ¶ 12; Ex. A (the "SPD"), Oct. 25, 2018, Docket No. 1-1.) Relevant here, the SPD has several provisions setting out the Fund's subrogation and reimbursement rights when a third party may be liable for an expense paid by the Fund. For example, the SPD explicitly notes that the Fund will not cover expenses "for which a Third Party may be liable." (SPD at 10-11.) However, should the Fund provide benefits in this situation, the SPD provides that the Fund "has a first priority subrogation and reimbursement right if it provides benefits resulting from or related to an injury, occurrence, or condition for which the Employee or Beneficiary has a right of redress against any third-party." (*Id.* at 15.)

The SPD further notes that the Fund's "subrogation and reimbursement rights grant the [Fund] an equitable lien on . . . any recovery . . . from a third-party, whether by settlement, judgment or otherwise." (*Id.* at 16.) Under the SPD, the proceeds of any recovery should be held in trust on which the Fund may impose a constructive trust or equitable lien. (*Id.*)

Defendant John Flascher is/was a participant in the Fund and is/was eligible for

benefits in accordance with the SPD. (Am. Compl. ¶ 11.) Plaintiffs claim that on January 26, 2016, a dependent of Flascher's, Justin Flascher, "sustained injuries out of and in connection with a surgery and hospitalization" which ultimately "resulted in his death on February 14, 2016." (*Id.* ¶ 14.) Plaintiffs state that the Fund "paid medical benefits in the amount of $182,910.92 on behalf of . . . Justin Flascher, for injuries sustained in and relating to an injury, occurrence, or condition occurring between January 26, 2016 and February 14, 2016." (*Id.* ¶ 18.) Finally, Plaintiffs claim that Flascher "had a right of redress against any [sic] third-party" for the expenses the Fund paid on behalf of Justin Flascher. (*Id.*)

After Justin Flascher's death, Flascher allegedly retained Defendant Robins Kaplan, LLP to represent him "in connection with claims against Allina and other third-parties for injuries and damages sustained arising out of the treatment and death of Justin Flascher." (*Id.* ¶ 19.) Subsequently, Plaintiffs claim, Robins Kaplan contacted the Fund and "recognized" that the Fund's subrogation and reimbursement rights were implicated by Justin Flascher's death. (*Id.* ¶ 20.) Accordingly, over the following few months, Robins Kaplan and the Fund negotiated but ultimately disagreed about the value and scope of the subrogation claim. (*Id.* ¶ 21-23.) On August 22, 2018, Flascher settled his liability claims for $1.4 million dollars. (*Id.* ¶ 24.) Plaintiffs claim they requested a copy of Flascher's mediation statement which resulted in the settlement, but that Defendants denied the request. (*Id.* ¶ 26.)

Plaintiffs filed this action on October 25, 2018, alleging that Flascher violated the terms of the SPD by failing to reimburse the Fund for payments it made on expenses for

which Flascher had a right of redress against a third-party. (*Id.* ¶ 29.) Accordingly, Plaintiffs seek a constructive trust and/or an equitable lien on "the portion of Defendants' settlement proceeds . . . which in good conscience belong to the Fund in accordance with" the SPD. (*Id.* at 9-10.) Further, Plaintiffs seek a declaratory judgment from the Court that the SPD governs the rights of the parties in this dispute. (*Id.* ¶ 38.)

On November 15, 2018, Defendants brought a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiffs failed to adequately state a claim upon which relief can be granted. (Mot. to Dismiss, Nov. 15, 2018, Docket No. 10.) Plaintiffs filed an Amended Complaint on the same day, which is now the operative complaint. (Am. Compl.) Subsequently, Defendants filed an Amended Motion to Dismiss, asserting the same grounds as the original. (Am. Mot. to Dismiss, Nov. 29, 2018, Docket No. 15.)

## DISCUSSION

### I. STANDARD OF REVIEW

#### A. Motion to Dismiss

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555)). Although the Court accepts the complaint's factual allegations as true, it is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility,'" and therefore must be dismissed. *Id*. (quoting *Twombly*, 550 U.S. at 557). The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in their favor. *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

While the Court is normally limited to the pleadings when considering a 12(b)(6) motion, it may properly consider materials that are necessarily embraced by the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co*., 380 F.3d 1066, 1069 (8th Cir. 2004). Such materials include "documents whose contents are alleged in a complaint and whose authenticity no party questions." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (quoting *In re Syntex Corp. Sec. Litig*., 95 F.3d 922, 926 (9th Cir. 1996)).

## II. DEFENDANTS' MOTION TO DISMISS

Viewing the evidence in a light most favorable to Plaintiffs, the Court finds that Plaintiffs' complaint lacks sufficient factual detail. Plaintiffs merely allege that their right to reimbursement was violated following Flascher's settlement with unidentified third parties. The Complaint fails to provide enough information linking Flascher's settlement surrounding Justin Flascher's death with the benefits the Fund gave to Flascher on behalf of Justin. For example, the Complaint does not provide any information regarding how

Justin was injured, only that it resulted from surgery and hospitalization. Nor does it explain who injured Justin. Further, it provides no information about how the benefits provided by the Fund are connected to the injury Justin sustained.

Both parties cite only to *Mackey v. Johnson*, Civ. No. 14-2024 PAM/LIB, 2014 WL 4794973, at *1 (D. Minn. Sep. 25, 2014), a case that, on its face, is seemingly similar factually and procedurally. In that case, the court considered whether defendant's assertions that a settlement did not cover claims for medical expenses would overcome a plaintiff's complaint which asserted that it did. *Id.* The terms of the settlement were not in the record. *Id.* The court held that "whether the settlement and/or the release was intended to cover medical expenses is a fact question that is not appropriate for resolution on a motion to dismiss" and that the court must take as true the plaintiff's "plausible allegation" that the settlement covered medical expenses. *Id.*

Plaintiffs argue that the Court should apply *Mackey* to deny Defendants motion because it addressed the exact question the Court is asked to address now. However, *Mackey* is distinguishable, and its holding is not applicable to the current case. The underlying complaint in *Mackey* contained significantly more factual details regarding relevant charges than the complaint in the case at hand does. For example, in *Mackey*, the complaint provided specific dates on which the alleged malpractice occurred, the name of the liable third-party, the specific injury and the way it was misdiagnosed, and an explanation as to how the fund's payments were related to that injury. Similar information is not provided in this case.

Looking beyond *Mackey* to other cases addressing 12(b)(6) motions relating to

subrogation agreements, it is clear that the Complaint in this case is an outlier. The complaints in other similar cases almost always contained key information describing how and by whom an injury was sustained. Some also included discussions about the claims brought by the injured against allegedly responsible third-parties and clearly links those claims with payments made by the benefactor. These elements are either not included in the current Complaint or are presented in a conclusory manner.

While Plaintiffs in this case expressed some difficulty in obtaining information—particularly the terms of Flascher's settlement—to support their claim without the benefit of judicially mandated discovery, they also failed to include information to which they did have access. For example, Plaintiffs should have known what the injury was, how the injury might have been related to the surgery, the benefits the Fund paid and why, and who the liable third-party might have been. Further, the Complaint references a claim summary, email communications, and demand letters sent between the Fund and Defendants. However, none of this information was included, thus, the Complaint lacks necessary specificity and information and contains primarily conclusory statements. Because the Complaint does not allege sufficient non-conclusory facts, the Court will grant Defendants' Motion to Dismiss and dismiss Plaintiffs' Complaint without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendants' first Motion to Dismiss [Docket No. 10] is **DENIED** as moot;

2.    Defendants' Amended Motion to Dismiss [Docket No. 15] is **GRANTED**.

3.    Plaintiffs' Complaint [Docket No. 8] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   July 17, 2019                              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                       United States District Judge